UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER SHANE LANGSTON,<br><br>  Plaintiff,<br><br>  v.<br><br>J. BLACKFORD,<br><br>  Defendant. | No. 2:16-cv-2366 WBS DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, this court finds plaintiff fails to meet the standards to proceed in forma pauperis and must pay the filing fee if he wishes to prosecute this action.

## IN FORMA PAUPERIS STATUTE

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

1

> malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

### HAS PLAINTIFF ACCRUED THREE STRIKES?

A review of the actions filed by plaintiff in this court reveals that plaintiff is subject to 28 U.S.C. §1915(g) and is precluded from proceeding in forma pauperis unless plaintiff was, at the time the complaint was filed, under imminent danger of serious physical injury. The court has found evidence on the court record of three § 1915(g) "strikes" against plaintiff, which were all entered before this action was brought by plaintiff on October 3, 2016.[1] The court takes judicial notice of the following lawsuits previously filed by plaintiff.[2]

---

[1] Other judges in this court found that dismissals in the following additional cases constitute strikes: Langston v. Finn, 2:08-cv-2475 EFS (E.D. Cal.) (order dated May 1, 2013) and Langston v. Shiaishi, No. 2:11-cv-1624 DAD (E.D. Cal.) (order dated May 13, 2013). See Langston v. Frantzen, No. 2:16-cv-2364 GEB EFB P (E.D. Cal.) (order dated Apr. 21, 2017) (Finn and Shiaishi are both strikes); Langston v. CDCR, No. 2:16-cv-1981 AC (E.D. Cal.) (order dated Mar. 30, 2017) (Finn is a strike); Langston v. Lopez, No. 2:16-cv-2359 MCE CKD P (E.D. Cal.) (order dated Feb. 15, 2017) (Finn and Shiaishi both strikes); Langston v. Sharma, No. 2:15-cv-1437 GEB KJN P (E.D. Cal.) (order dated Dec. 14, 2016) (same). Because this court finds the three cases identified in the text constitute strikes, it is not necessary to consider here whether the dismissals of Finn and Shiaishi also count as strikes.

[2] Under Federal Rule of Evidence 201(b), a court may take judicial notice of a fact that is not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to

2

1. <u>Langston v. Finn</u>, 2:10-cv-02196-EFB (E.D. Cal).

On March 2, 2011, the magistrate judge dismissed plaintiff's claim that he was deprived of time credits as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994) and found plaintiff failed to state a claim for a due process violation based on his erroneous release. This court recognizes that a dismissal under <u>Heck</u> does not necessarily count as a strike. In <u>Washington v. Los Angeles Cty. Sheriff's Dep't</u>, 833 F.3d 1048, 1055 (9th Cir. 2016), the Ninth Circuit Court of Appeals held that a <u>Heck</u> dismissal does not categorically count as a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and thus does not necessarily count as a strike under § 1915(g). The <u>Washington</u> court held that a <u>Heck</u> dismissal constitutes a Rule 12(b)(6) dismissal "when the pleadings present an 'obvious bar to securing relief' under <u>Heck</u>." <u>Id.</u> at 1056 (quoting <u>ASARCO, LLC v. Union Pac. R.R. Co.</u>, 765 F.3d 999, 1004 (9th Cir. 2014)). The court clarified that holding by explaining that this standard would apply to count as a strike only where the entire action was dismissed for a qualifying reason under the PLRA. <u>Id.</u> at 1055, 1057 (citing <u>Andrews v. Cervantes</u>, 493 F.3d at 1054).

In <u>Washington</u>, the court considered whether one of plaintiff Washington's prior proceedings constituted a strike under § 1915(g). In that prior § 1983 proceeding, Washington sought a "recall" of his allegedly unlawful sentence enhancement, essentially an injunction, and damages for his additional year in prison based on the enhancement. <u>Id.</u> at 1057. The <u>Washington</u> court found that the request for injunctive relief sounded in habeas. <u>Id.</u> A habeas action is not a "civil action" within the purview of the PLRA and its dismissal does not trigger a strike. <u>Id.</u> (citing <u>Andrews v. King</u>, 398 F.3d at 1122-23). Therefore, the dismissal of Washington's prior suit did not amount to a strike because "the entire action was not dismissed for one of the qualifying reasons enumerated by" § 1915(g). <u>Id.</u>

After reviewing plaintiff's complaint and its attachments in <u>Langston v. Finn</u>, the court found plaintiff's complaint <u>Heck</u>-barred on screening. Because exhibits to a pleading are

---

sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2); <u>see also</u> <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters or public record.").

3

considered part of that pleading under Federal Rule of Civil Procedure 10(c), the court found a Heck bar based only on the allegations of the complaint. Further, a review of plaintiff's first amended complaint in Langston v. Finn shows that plaintiff did not seek relief that sounded in habeas. He sought only damages. Accordingly, based on the standards set out in Washington, the dismissal of Langston v. Finn amounts to a strike.

2. Langston v. Enkoji, 2:10-cv-02715-GGH (E.D. Cal.)

On April 26, 2011, the magistrate judge dismissed the case for plaintiff's failure to state a cognizable § 1983 claim against his attorney and the prosecutor at his trial. To the extent the magistrate judge's ruling implicated Heck, this case, like Langston v. Finn, was dismissed on screening based on the allegations of the complaint. Further, a review of plaintiff's first amended complaint in Langston v. Enjoki shows that plaintiff did not seek relief sounding in habeas in that case. Therefore, this case also counts as a strike.

3. Langston v. Hartley, 2:10-cv-03191-KJN (E.D. Cal.)

On May 24, 2013, the magistrate judge found plaintiff's claims regarding retention of his personal property failed to state a cognizable federal civil rights claim. Accordingly, the dismissal of Langston v. Hartley qualifies as a strike.

**IS PLAINTIFF IN IMMINENT DANGER OF SERIOUS PHYSICAL INJURY?**

Because plaintiff has accrued three strikes, this court finds that plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157

4

F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

In a document filed here on November 30, 2016, plaintiff moved to supplement his in forma pauperis application with allegations that he is in imminent danger of serious physical injury that is an ongoing practice of defendants. (ECF No. 7.) However, plaintiff simply states that he has filed multiple lawsuits and grievances alleging misconduct by CDCR. Plaintiff does not explain how he is at risk of "serious physical injury" if his case is not considered immediately.

The court has reviewed plaintiff's October 3, 2016 complaint for this action and finds that plaintiff does not meet the imminent danger exception. <u>See</u> <u>Andrews v. Cervantes</u>, 493 F.3d at 1053. In the complaint, plaintiff does not describe any claims. Rather, he references the 162 pages of documents attached to his complaint. Those documents include a grievance for disrespectful, harassing, and racially discriminatory conduct by correctional officers in 2014 (ECF No. 1 at 7-13); a grievance for what appears to be excessive force in 2013 (<u>id.</u> at 15); and a challenge to a rape "R" suffix added in 2001 or 2003 to plaintiff's custodial classification (<u>id.</u> at 17-165[3]). None of these claims show that in October 2016 when plaintiff filed his complaint, he was in imminent danger of serious physical harm.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 6) is denied;
2. Plaintiff's motion to supplement his in forma pauperis application (ECF No. 7) is granted; and

////

////

---

[3] Plaintiff previously made these allegations in a habeas petition filed here in April 2016. <u>See</u> <u>Langston v. Calif. Dept. of Corr. and Rehab.</u>, No. 2:16-cv-0829 EFB P (E.D. Cal.). The court dismissed that action because plaintiff's claims therein concerned only the conditions of his confinement and were therefore inappropriate in a habeas proceeding. (Order dated June 17, 2016).

3. Plaintiff shall submit the $400 filing fee for this action within twenty-one (21) days. Failure to submit the filing fee within twenty-one (21) days will result in a recommendation that this action be dismissed.

Dated: May 25, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/lang2366.3 strikes